1  Michael Freiman, Esq. (SBN 280716)
   Law Office of Michael Freiman
2  100 Wilshire Blvd., Ste. 700
3  Santa Monica, CA 90401
   (310) 917-1022
4  mike@employlegal.com
5
6  Attorney for Plaintiff BETINA SIRKIN

7                UNITED STATES DISTRICT COURT
8                SOUTHERN DISTRICT OF CALIFORNIA
9
10 | BETINA SIRKIN,                      | Case No.   3:24-cv-02193-WQH-KSC
11 |                                     |
   |            Plaintiff,               | **PLAINTIFFS' OPPOSITION TO**
12 | v.                                  | **DEFENDANT'S MOTION TO**
   |                                     | **DISMISS**
13 | ACUITY INTERNATIONAL,                |
   | LLC; ACUITY – CHS, LLC; and         |
14 | DOES 1 through 20, inclusive,       |
15 |            Defendants.              |

## TABLE OF CONTENTS

Introduction ..………………………….………………………….……………..4

Argument….…..…………….. …………………………………………………4

Conclusion ……..………………………………………………………….…..6

# TABLE OF AUTHORITIES

## Federal Courts

AndersonNews, L.L.C. v. American Media, Inc., 680 F3d 162, 185 (2nd Cir. 2012)..5

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ………………………………….……….5

Braden v. Wal-Mart Stores, Inc. , 588 F.3d 585, 594 (8th Cir. 2009)………………..5

García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)…………………5

HDC, LLC v. City of Ann Arbor, 675 F3d 608, 613 (6th Cir. 2012)……...…………6

Starr v. Baca 652 F3d 1202, 1216 (9th Cir. 2011) …………………………………...5

## I. INTRODUCTION

Defendant relies upon the incorrect pleading standard. Defendant's insistence on the "who, what, where, when, and why" if the plain language definition of a heightened pleading standard under Rule 9 requiring a party to plead with specificity. Rule 9 specificity is not required under *Iqbal* and *Twombly*. Rather, Plaintiff has complied with the Rule 8 pleading standard by stating facts showing it was "plausible" that Defendants engaged in the unlawful conduct alleged.

To the extent the Court grants the motion, Plaintiff respectfully requests leave to amend as Defendant has not shown such would be futile.

## II. ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

When a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. Starr v. Baca 652 F3d 1202, 1216 (9th Cir. 2011). "[T]he complaint should be read as a whole, not parsed

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. The court cannot dismiss a complaint that alleges a "plausible version of the events merely because the court finds a different version more plausible." AndersonNews, L.L.C. v. American Media, Inc., 680 F3d 162, 185 (2nd Cir. 2012); see HDC,LLC v. City of Ann Arbor, 675 F3d 608, 613 (6th Cir. 2012) ("mere existence of an 'eminently plausible' alternative, lawful explanation … not enough to dismiss a complaint raising a plausible claim").

Plaintiff's Complaint plausibly alleges the causes of action pled. See Complaint paragraphs 6-10.

### III.  CONCLUSION

Defendant relies upon the incorrect pleading standard. Defendant's insistence on the "who, what, where, when, and why" if the plain language definition of a heightened pleading standard under Rule 9 requiring a party to plead with specificity. Rule 9 specificity is not required under *Iqbal* and *Twombly*. Rather, Plaintiff has complied with the Rule 8 pleading standard by stating facts showing it was "plausible" that Defendants engaged in the unlawful conduct alleged.

To the extent the Court grants the motion, Plaintiff respectfully requests leave to amend as Defendant has not shown such would be futile.

Dated: December 23, 2024                    LAW OFFICE OF MICHAEL FREIMAN

/s/ Michael Freiman, Esq.

_____

Michael Freiman, Esq.

Attorney for Plaintiff Betina Sirkin