Michael Freiman, Esq. (SBN 280716)
Law Office of Michael Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 917-1022
mike@employlegal.com

Attorney for Plaintiff BETINA SIRKIN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETINA SIRKIN,<br><br>Plaintiff,<br><br>v.<br><br>ACUITY INTERNATIONAL, LLC; ACUITY - CHS, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 3:24-cv-02193-WQH-KSC<br><br>**COMPLAINT FOR:**<br><br>1. Discrimination in Violation of FEHA<br>2. Failure to Prevent Discrimination (FEHA)<br>3. Retaliation in Violation of FEHA<br>4. Harassment in Violation of FEHA<br>5. Failure to Prevent Harassment in Violation of FEHA<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BETINA SIRKIN for its Complaint against Defendants ACUITY INTERNATIONAL, LLC; ACUITY - CHS, LLC; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Betina Sirkin was at all times relevant to the matters alleged in this complaint an individual with its residence in California.

2. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Diego.

5.  Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of San Diego, because the Defendant conducted business in San Diego County.

### FACTUAL BACKGROUND

6.  From October 30, 2023, to July 26, 2024, Defendants Acuity International, LLC and Acuity – CHS, LLC employed Plaintiff Betina Sirkin (White, Israeli, Argentinian, Over 40, Female, Childbirth) as a Case Manager with job duties and responsibilities including submitting service plans and assessments and maintaining files.

7.  At all times, Plaintiff was qualified for her position due to her experience in the field and performed competently by achieving the goals set out for Plaintiff by Defendant's management.

8.  During Plaintiff's employment with Defendant, Defendant's supervisors subjected Plaintiff to a hostile work environment through a pattern of frequent offensive comments and hostile acts including without limitation referring to another senior leader of Defendant as a "white woman who knows nothing about immigrants," laughing at or expressing anger at Plaintiff when Plaintiff spoke in Hebrew to Plaintiff's family, mocking Plaintiff's home country, in response to Plaintiff's accent stating Defendant should only hire people who speak the language even though Plaintiff had no problem speaking the language, yelling at Plaintiff, telling Plaintiff she

was too old for the job and like a mother to everyone in the office, making false claims about Plaintiff's performance, restricting Plaintiff (age 54) from taking breaks for than a few minutes while allowing younger employees (age 20-25) to take several hours long breaks, meticulously monitoring Plaintiff's movements in the office including by noting Plaintiff's entries and exits by the minute to humiliate Plaintiff, issuing Plaintiff false and pretextual warnings and discipline, removing Plaintiff's work assignments, aggressively confronting Plaintiff on breaks, and excluding and isolating Plaintiff from other coworkers.

9. The aforementioned acts offended Plaintiff, interfered with Plaintiff's ability to perform her job duties, and caused Plaintiff to experience chest pain requiring her to obtain medical treatment.

10. Plaintiff opposed and complained about the discrimination and aforementioned hostile work environment to Plaintiff's direct supervisors, higher level supervisors, and Defendant's human resources.

11. In response to Plaintiff's complaining about the aforementioned acts to Plaintiff's direct supervisor, Plaintiff's direct supervisor yelled at Plaintiff to get out of the direct supervisor's office.

12. Defendant's management and human resources department, with knowledge of Plaintiff's complaints as a result of Plaintiff's complaints to such, failed to conduct an adequate investigation, falsely found there was no violation, reduced and

eliminated Plaintiff's work assignments reducing Plaintiff's professional reputation and earning capacity, set up Plaintiff for failure, and solicited negative feedback about Plaintiff.

13. Defendants' management did not subject other employees between the ages of 20-25 performing similar job duties as Plaintiff (age 54 at the time), who Plaintiff is informed and believes had not made such complaints, reporting to the same supervisors during the same time of Plaintiff's employment, to the aforementioned acts.

14. On October 9, 2024, Plaintiff filed a charge for the aforementioned claims with the California Civil Rights Department and received a right to sue letter the same day.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

15. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

16. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

17. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

COMPLAINT FOR DAMAGES

5

18. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

19. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (Against All Defendants)

20. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

21. Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

22. Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

23. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

24. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

25. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of FEHA)
### (Against All Defendants)

26. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

27. Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

28. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

29. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

30. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Harassment in Violation of FEHA)
### (Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

32. Defendants' actions constitute harassment in violation of FEHA.

33. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

34. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

35. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FIFTH CAUSE OF ACTION
### (Failure to Prevent Harassment in Violation of FEHA)
### (Against All Defendants)

36. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. Defendants' actions constitute failure to prevent harassment in violation of FEHA.

38. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

39. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

40. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;
2. For payment of all statutory obligations and penalties as required by law;
3. For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;
4. For punitive damages as allowed by law;
5. Loss of income incurred and to be incurred according to proof;
6. For reasonable attorneys' fees;
7. For costs of suit incurred herein;
8. For interest provided by law;
9. All damages and penalties provided by law;
10. For restitution and other equitable relief; and

11. For such other and further relief as the court deems just and proper

Dated: September 8, 2025     By:     LAW OFFICE OF MICHAEL FREIMAN

/s/ Michael Freiman, Esq.
Michael Freiman, Esq.

Attorney for Plaintiff Betina Sirkin

## DEMAND FOR JURY TRIAL

Plaintiff Betina Sirkin demands a jury trial.

Dated: September 8, 2025     By:     LAW OFFICE OF MICHAEL FREIMAN

/s/ Michael Freiman, Esq.
Michael Freiman, Esq.

Attorney for Plaintiff Betina Sirkin